IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 06-00421-02-CR-W-DW |
| VINCENT V. GALLEGOS, | ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION ON COMPETENCY

On May 1, 2007, during a scheduling conference, the government sought to have the defendant examined for purposes of determining his mental competency to stand trial. In part, the basis of the request was information obtained by government counsel that in recent court proceedings in New Mexico the defendant had been declared incompetent. At the government's request, the Court committed the defendant to a United States Medical Center for federal prisoners for the purpose of undergoing an examination pursuant to 18 U.S.C. § 4247(b) and (c). By letter of July 23, 2007, a report from the Federal Detention Center, Englewood, Colorado, was forwarded to the Court.

At a hearing on the issue of the defendant's competency to stand trial, the only evidence offered was the stipulation of counsel for the government and defendant that if called to testify the authors of the July 23, 2007, report would testify consistent with the report. Based upon this stipulation, the undersigned recommends that the District Court enter an order finding that defendant Vincent Gallegos is incompetent to stand trial.

## I. INDICTMENT

On December 6, 2006, the Grand Jury returned a nine count indictment against defendant Gallegos and three other individuals. Defendant Gallegos is charged in Counts One and Six of the Indictment. Count One alleges a conspiracy by the defendants to distribute more than 500 grams of a mixture containing methamphetamine. Count Six alleges that the defendants in relation to a drug trafficking crime used a firearm to shoot at and cause the death of Michael Scoville.

## II. THE STATUTE

18 U.S.C. § 4241, entitled Determination of Mental Competency to Stand Trial, provides in part:

> (a) **Motion to determine competency of defendant.**–At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
>
> (b) **Psychiatric or psychological examination and report.**–Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).
>
> (c) **Hearing.**–The hearing shall be conducted pursuant to the provisions of section 4247(d).[1]

---

[1] Section 4247(d) provides:

> **Hearing.**–At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf,

2

(d) **Determination and disposition.**–If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility–

>(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and

>(2) for an additional reasonable period of time until–

>>(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or

>>(B) the pending charges against him are disposed of according to law;

>whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246.[2]

* * *

18 U.S.C. § 4241(a) through (d).

### III. FACTS PRESENTED

In the current evaluation, the examiners utilized clinical interviews, observations of

---

and to confront and cross-examine witnesses who appear at the hearing.

[2]Section 4246 provides for the hospitalization of a person who has been committed to the custody of the Attorney General pursuant to section 4241(d) and whose release would create a substantial risk of bodily injury to another person or serious damage to property of another.

3

defendant's behavior at the facility, collateral contacts, the Wechsler Adult Intelligence Scale, Third Edition (WAIS-III), the Validity Indicator Profile (VIP), the Folstein Mini-Mental State Examination (MMSE), and the Revised Competency Assessment Instrument (R-CAI). (Report at 2) As a result of these evaluation tools, the examiners concluded that "Mr. Gallegos demonstrated an inadequate understanding of the nature and consequences of the court proceedings against him, and an inadequate ability to cooperate and assist counsel in his defense." (Report at 18) The examiners were also of the opinion that

> there is significant evidence to indicate that Mr. Gallegos does suffer from a mental disorder that significantly impairs his present ability to understand the nature and consequences of the court proceedings against him and substantially impairs his ability to properly assist counsel in a defense.
>
> Mr. Gallego's current difficulties with cognitive impairment are so prominent that they have significantly interfered with his ability to understand the nature and consequences of the court proceedings against him, in addition to his ability to properly assist counsel in his defense. Most critical is Mr. Gallegos's apparent limited ability to attend to information and concentrate, in addition to difficulty presenting information in a rational, sequential manner. He is also impaired in his ability to realistically and rationally apply information and make decision regarding his case. He demonstrated an inability to consistently remember information from one meeting to the next and he displayed significant difficulty in being able to adequately memorize and recall information presented to him, all of which would be necessary to some extent to properly assist counsel in a defense. It is suggested that his presence in the courtroom would be counter productive given his current presentation.

(Report at 20)

IV.  DISCUSSION

In determining competency, the Court may rely on numerous factors including expert medical opinions and the Court's observations of the defendant's demeanor. See United States v. Robinson,

4

253 F.3d 1065, 1067 (8th Cir. 2001). The only expert medical opinions currently before the Court indicate that Mr. Gallegos is incompetent to stand trial.

## V.  CONCLUSION

The evidence before the Court provides reasonable cause to believe that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. Given the clear wording of the statute, upon a finding of incompetency, the Court must commit the defendant to the custody of the Attorney General for a period not to exceed four months to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed. Therefore, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Vincent Gallegos is incompetent. It is further

RECOMMENDED that the Court commit defendant Vincent Gallegos to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility[3] for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant Gallegos will attain the capacity to permit the trial to proceed.

Counsel are reminded they have ten days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve

---

[3]The report notes that the defendant's cognitive impairments need further evaluation. In addition counsel are requesting that the defendant be placed in a facility that could conduct a neurological evaluation, if deemed appropriate, in light of the allegations of head trauma. Thus, the Court would recommend that the defendant be placed in a facility that could further assess defendant's cognitive and neurological condition.

5

objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                    /s/ *Sarah W. Hays*
                                                    SARAH W. HAYS
                                      UNITED STATES MAGISTRATE JUDGE

6

Case 4:06-cr-00421-DW   Document 62   Filed 08/03/07   Page 6 of 6